IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **DENNIS EDWIN DREADEN and** | ) | **Case Number _____** |
| **TRACY L. DREADEN,** | ) | |
| | ) | **JURY DEMANDED** |
| Plaintiffs, | ) | |
| | ) | |
| **v** | ) | |
| | ) | |
| **HUMPHREYS COUNTY, TENNESSEE;** | ) | |
| **CITY OF WAVERLY, TENNESSEE;** | ) | |
| **CHRIS DAVIS, Individually and in His** | ) | |
| **Official Capacity as Sheriff of Humphreys** | ) | |
| **County, Tennessee;** | ) | |
| **DAVID DANIEL, Individually and in His** | ) | |
| **Official Capacity as Chief of Police of** | ) | |
| **City of Waverly Police Department;** | ) | |
| **TIMOTHY HEDGE, Individually as an** | ) | |
| **employee of the Humphreys County Sheriff's** | ) | |
| **Department;** | ) | |
| **JASON PALMATEER, Individually as an** | ) | |
| **employee of the Humphreys County Sheriff's** | ) | |
| **Department;** | ) | |
| **JOSEPH PARNELL, Individually as an** | ) | |
| **employee of the Waverly City Police** | ) | |
| **Department;** | ) | |
| **JOHN DOES I-X, Individually as Employees** | ) | |
| **of the Humphreys County Sheriff's Department;** | ) | |
| **and JIM DOES I-X, Individually as Employees** | ) | |
| **of the Waverly City Police Department,** | ) | |
| | | |
| Defendants. | | |

## COMPLAINT

COMES NOW the Plaintiffs, by and through their attorneys of record, and for cause of

action against the Defendants, both jointly and severally, would respectfully state as follows:

1

## I. JURISDICTION AND VENUE

1.     This action is brought against the Defendants pursuant to 42 U.S.C. § 1983 for deprivation of civil rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and other claims, which arise under state law.

2.     Jurisdiction is founded upon 28 U.S.C. § 1331, § 1343(a)(3)(4), and § 1367(a). This Court has jurisdiction over the Plaintiffs' claims of violation of civil rights under 42 U.S.C. § 1983 and pendant jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the factual acts and omissions which give rise to this cause of action occurred within this district and within one year of the filing of this complaint and this Court otherwise has jurisdiction.

## II. PARTIES

4.     Plaintiff Dennis Edwin Dreaden is a 53-year-old male Caucasian, who is a citizen and resident of the United States, domiciled in Humphreys County, Tennessee.

5.     Plaintiff Tracy L. Dreaden is a 50-year-old female Caucasian, who is a citizen and resident of the United States, domiciled in Humphreys County, Tennessee.

6.     Humphreys County is a political subdivision of the State of Tennessee and among its other functions operates and maintains a law enforcement agency known as the Humphreys County Sheriff Department (HCSD). Humphreys County is under a duty to run its policing activities in a lawful manner so as to preserve the peace of Humphreys County and to preserve to its citizens the rights, privileges and immunities guaranteed and secured to them by the constitutions and the laws of the United States and the State of Tennessee. Humphreys County has established or delegated to Defendant Chris Davis, Sheriff of Humphreys County, the

2

responsibility for establishing and implementing policies, practices, procedures and customs, used by law enforcement officers employed by Humphreys County regarding arrests and the use of force. Humphreys County does not have immunity for violating the civil rights of citizens and has waived sovereign immunity for the acts or omissions of its employees arising out of and in the course and scope of their employment complained of herein pursuant to the Tennessee Governmental Tort Liability Act, T.C.A. Section 29-20-101 et seq., particularly T.C.A. Section 29-20-205 and T.C.A. Section 8-8-302 as at all times hereto its deputies were acting by virtue of and under the color of their offices as deputies employed by Humphreys County and the HCSD. At all times, Humphreys County was acting under color of state law. The agent for service of process for Defendant Humphreys County, Tennessee, is County Executive Jessie R. Wallace, Room 1, Rawlings Building, 102 Thompson Street, Waverly, Tennessee 37185.

7.    The City of Waverly is a political subdivision of the State of Tennessee and among its other functions, operates and maintains a law enforcement agency known as the Waverly Police Department (WPD). The City of Waverly is under a duty to run its policing activities in a lawful manner so as to preserve the peace of the City of Waverly and to preserve to its citizens the rights, privileges and immunities guaranteed and secured to them by the constitutions and the laws of the United States and the State of Tennessee. The City of Waverly has established or delegated to Humphreys County the responsibility for establishing and implementing policies, practices, procedures, or customs, used by law enforcement officers employed by the City of Waverly, including Defendant Parnell, regarding arrests and the use of force during joint law enforcement operation or when aid is requested by Humphreys County to assist Humphreys County officers under some official or unofficial mutual aid agreement. The City of Waverly does not have immunity for violating the civil rights of citizens and has waived

3

sovereign immunity for the acts or omissions of its employees arising out of and in the course and scope of their employment complained of herein pursuant to the Tennessee Governmental Tort Liability Act, T.C.A. Section 29-20-101 et seq., particularly T.C.A. Section 29-20-205 as at all times hereto its officers were acting by virtue of and under the color of their offices as law enforcement officials of the City of Waverly and the WPD. At all times materials hereto, the City of Waverly was acting under color of state law. The City of Waverly's agent for service of process is Mr. John Williams, Esq., City Attorney for the City of Waverly, 102 S Court Square, Waverly, Tennessee 37185-2113.

8.     Defendant Chris Davis is a citizen of Humphreys County, Tennessee, and was at all times herein the Sheriff of Humphreys County and was in charge of the operations and actions of the deputies in his employ and others acting in joint law enforcement operations under official or unofficial mutual aid agreements. Sheriff Davis had final authority to make policy for the sheriff's office and had been delegated by Humphreys County to create or execute a policy or regulation which governed the conduct of law enforcement officers in that county as it relates to arrests and the use of force. At all times herein, Sheriff Davis was acting under color of state law. He is being sued in his official and individual capacities.

9.     Defendant David Daniel is a citizen of Humphreys County, Tennessee, and was at all times herein the Chief of Police of the Waverly City Police Department and was in charge of the operations and actions of the officers in his employ and others acting in joint law enforcement operations under official or unofficial mutual aid agreements. Chief Davis had final authority to make policy for the City of Waverly and had been delegated by the City of Waverly to create or execute a policy or regulation, which governed the conduct of law enforcement officers under his control as it relates to arrests and the use of force. At all times herein, Chief

4

Davis was acting under color of state law. He is being sued in his official and individual capacities.

10. Defendant Timothy Hedge is a citizen and resident of Humphreys County, Tennessee, and was at all times material to the allegations in this complaint, acting in his capacity as a Humphreys County deputy sheriff and was acting under color of state law. He is sued in his individual capacity as a member of the HCSD and/or as an agent or special deputy of the WPD as Defendant Hedge was not only an officer of the HCSD, but was also acting under some official or unofficial mutual aid agreement with the City of Waverly, as will be more particularly stated in this complaint. He is sued in his individual capacity.

11. Defendant Jason Palmateer is a citizen and resident of Humphreys County, Tennessee, and was at all times material to the allegations in this complaint, acting in his capacity as a Humphreys County deputy sheriff and was acting under color of state law. He is sued in his individual capacity as a member of the HCSD and/or as an agent or special deputy of the WPD as Defendant Palmateer was not only an officer of the HCSD, but was also acting under some official or unofficial mutual aid agreement with the City of Waverly, as will be more particularly stated in this complaint. He is sued in his individual capacity.

12. Defendant Joseph Parnell was an officer of the Waverly Police Department and was acting by virtue of his position as a law enforcement officer and under color of state law. He is sued in his individual capacity as a member of the WPD and/or as an agent or special deputy of the HCSD. At all times material to this complaint, Officer Parnell was acting not only as an officer of the Waverly Police Department, but was also acting under some official or unofficial mutual aid agreement with Humphreys County, as will be more particularly stated in this complaint. He is sued in his individual capacity.

5

13.     Defendants John Doe I-X are citizens and residents of Humphreys County, Tennessee, and were at all times material to the allegations in this complaint, acting in their capacity as Humphreys County deputy sheriffs and were acting under color of state law and whose identities are presently unknown. They are sued in their individual capacities as members of the HCSD and/or as agents or special deputies of the WPD as John Does I-X were acting not only as officers of the HCSD, but were also acting under some official or unofficial mutual aid agreement with the City of Waverly, as will be more particularly stated in this complaint. They are sued in their individual capacities.

14.     Defendants Jim Doe I-X were officers of the Waverly Police Department and were acting by virtue of their positions as law enforcement officers and under color of state law and whose identities are presently unknown. They are sued in their individual capacities as members of the WPD and/or as agents or special deputies of the HCSD. At all times material to this complaint, John Does I-X were acting not only as officers of the Waverly Police Department, but were also acting under some official or unofficial mutual aid agreement with Humphreys County, as will be more particularly stated in this complaint. They are sued in their individual capacities.

15.     Each and all of the acts of the Individual Defendants and other members of the HCSD and WPD involved in this incident were performed under the color and pretense of the constitutions, statues, ordinances, regulations, customs and usages of the United States of America and the State of Tennessee, Humphreys County, the City of Waverly, under the color of law and by virtue of their authority as law enforcement officers for the Humphreys County and the City of Waverly and in the course and scope of their employment with Humphreys County, the HCSD, the City of Waverly and the WPD.

## III. FACTUAL ALLEGATIONS

16.    The incident, which forms the basis of this action, occurred on or about December 17, 2010, at the Plaintiffs' residence in Humphreys County, Tennessee, and involved Plaintiff Dennis Edwin Dreaden and Defendants Hedge, Palmateer, Parnell, John Does I-X and Jim Does I-X (hereinafter referred to as the Individual Defendants).

17.    Prior to the events which form the basis of this action, Dennis Edwin Dreaden was arrested on domestic violence charges stemming from an incident which allegedly occurred on November 21, 2010, involving his wife, Tracy L. Dreaden. However, the factual basis for the charges did not involve any allegation that Mr. Dreaden used physical force or threatened physical force against Mrs. Dreaden. Despite this fact and as a result of this arrest, there was apparently a no-contact bond issued precluding Mr. Dreaden from having contact with Mrs. Dreaden.

18.    On or about December 17, 2010, Dennis Edwin Dreaden contacted his wife to determine if he could return to his home to retrieve some of his personal belongings. Tracy L. Dreaden agreed to allow her husband to return to the home to retrieve his personal belongings.

19.    Thereafter, and based on the police report filed by Defendant Parnell, Defendant Parnell received a call of a possible domestic disturbance at 50 Beverly Hills Drive, which is the Dreaden's residence. According to Defendant Parnell's report, Doug Jones had come into the 911 lobby and informed law enforcement that he had received a text from his daughter that said "kkk" and wanted law enforcement to check to see if his daughter was okay.

20.    At no time during Dennis Edwin Dreaden's return to the family home on December 17, 2010 did he act in a threatening manner towards his wife or otherwise cause her concern for her safety and wellbeing. Further, at no time did Tracy L. Dreaden text any message

7

to anyone indicating that she was in danger or that Dennis Edwin Dreaden had threatened her safety and wellbeing.

21.     In any event, Defendant Parnell proceeded to the Dreaden residence. Once at the residence, Tracy L. Dreaden was contacted and asked if everything was okay. She replied that everything was fine. Defendant Parnell did not hear or observe any conduct or actions by Tracy L. Dreaden or Dennis Edwin Dreaden which would indicate that there was any type of dispute or altercation between them. Defendant Parnell informed the Dreadens that he was going to wait outside for Mr. Dreaden to leave.

22.     After Mr. Dreaden gathered his personal belongings, he began his exit out of the home. At this time, Defendant Parnell was outside, along with other officers who had arrived, including Defendants Hedge, Palmateer, John Does I-X, and Jim Does I-X. According to Defendant Parnell's police report, Defendant Parnell observed Mr. Dreaden as he was walking out of the house and noted that Mr. Dreaden appeared to be intoxicated although there was no smell of alcohol on him.

23.     As Mr. Dreaden exited the house, the Individual Defendants informed him that they were going to have to take him. Mr. Dreaden understood this to mean that they were going to arrest him and take him to jail. Mr. Dreaden informed the Individual Defendants that there were no problems between he and his wife. Mr. Dreaden told them that he was simply picking up his belongings and then leaving the home. However, the Individual Defendants told him that he had violated a no-contact bond and that he was under arrest.

24.     At this time, Defendant Hedge alleged that he observed a bulge coming from Mr. Dreaden's pocket. Defendant Hedge then inquired with Mr. Dreaden about what was in his

8

pocket. Mr. Dreaden informed the officers that he had a small flashlight in his pocket. He then showed the flashlight to the officers.

25.     Thereafter, Defendant Hedge told Mr. Dreaden to place his hands behind his back and Mr. Dreaden complied without incident or resistance. At no time did Mr. Dreaden act in an aggressive or threatening manner and therefore, posed no threat to the Individual Defendants. As Mr. Dreaden was complying with the orders of the Individual Defendants and was not acting in a threatening manner to the Individual Defendants, the use of any physical force against Mr. Dreaden would be unjustified, unnecessary and excessive.

26.     After being handcuffed, suddenly and without warning, justification or provocation, Mr. Dreaden was thrown to the ground by the Individual Defendants. This use of force was unprovoked, totally unjustified and amounted to excessive force and caused Mr. Dreaden to suffer great physical pain, distress and injury.

27.     After being handcuffed and thrown to the ground, Mr. Dreaden was subdued, posed no threat and offered no improper resistance to the Individual Defendants. Despite this fact, the Individual Defendants engaged in conduct which violated Mr. Dreaden's clearly established rights to be free from excessive force which included: 1) being tasered multiple times while handcuffed; 2) being pepper sprayed while being handcuffed; 3) being struck and/or kicked by officers while being handcuffed; and 4) officers placing their knee and full body weight on Mr. Dreaden's spine while handcuffed. While Mr. Dreaden posed no threat to the officers and offered no resistance prior to the attack, the above mentioned use of the taser, pepper spray and physical force, further incapacitated him from posing any danger or resistance to the officers. Despite this fact, the officers continued their assault on Mr. Dreaden.

28.     This conduct by the Individual Defendants was unjustified, unprovoked and grossly disproportionate to the actions of Mr. Dreaden, if any, and amounted to the use of excessive force in violation of his clearly established Fourth Amendment rights. Further, each of the Individual Defendants was under a constitutional duty to prevent and stop other officers at the scene from using excessive force and violating Mr. Dreaden's constitutional rights. Therefore, all of the officers are jointly and severally liable for the beating of Mr. Dreaden, and the failure to intervene to stop the beating of Mr. Dreaden, which caused injuries and damages to Mr. Dreaden.

29.     During the course of this vicious and unprovoked attack on Mr. Dreaden, Mrs. Dreaden continuously pled with the Individual Defendants to stop the attack and informed the Individual Defendants that Mr. Dreaden was recovering from previous spinal injuries. However, the Individual Defendants ignored her pleas and continued to attack Mr. Dreaden. Mrs. Dreaden then stated that if they did not stop beating her husband, she "would own them." Thereafter, the vicious beating stopped.

30.     After the attack, Mr. Dreaden was left lying on the front porch in the prone position and handcuffed. Mr. Dreaden complained of injuries and requested medical treatment,Ω as his legs and feet were numb. However, the Individual Defendants failed to decontaminate him from the effects of the pepper spray or otherwise offer to provide any medical attention to Mr. Dreaden. Instead, the Individual Defendants told Mrs. Dreaden to get some water and a cloth to decontaminate Mr. Dreaden.

31.     Mrs. Dreaden then requested that the officers remove the handcuffs from at least one hand and turn Mr. Dreaden on his back because he could not lie on his stomach due to a previous spinal injury. However, the Individual Defendants refused. Instead, they informed

10

Mrs. Dreaden that they were not going to do anything because she had informed them that Mr. Dreaden had previous spinal injuries. Thereafter, the Individual Defendants apparently called for an ambulance.

32.     All of the preceding actions taken by the Individual Defendants against Mr. Dreaden were unjustified, unprovoked, and objectively unreasonable and constituted a violation of Mr. Dreaden's rights under the Fourth Amendment and/or Fourteenth Amendment to be free from the use of excessive force. Further, some of the Individual Defendant Officers violated Mr. Dreaden's constitutional rights by failing to intervene and stop the vicious attack of Mr. Dreaden by their fellow officers in violation of Mr. Dreaden's constitutional rights.

33.     Sometime thereafter, an ambulance arrived to transport Mr. Dreaden to the hospital. Mrs. Dreaden requested to go to the hospital with her husband in the ambulance but the Individual Defendants refused to allow her to leave with her husband in the ambulance.

34.     After being treated at the hospital, Mr. Dreaden was arrested and taken to jail for Violation of an Order of Protection, Resisting Arrest/Stop/Frisk, Drug Paraphernalia and Weapon/Unlawful Carry Possession.

35.     Plaintiffs submit that the charge of Resisting Arrest/Stop/Frisk placed upon Mr. Dreaden by the Individual Defendants was false and placed on Mr. Dreaden in an effort to cover-up their unconstitutional beating and attack on Mr. Dreaden.     Therefore, the Individual Defendants jointly engaged in a course of conduct designed to cover-up their unconstitutional actions in violation of Mr. Dreaden's constitutional rights by submitting false police reports and charges against Mr. Dreaden.

36.     After Mr. Dreaden was placed in jail, he was allegedly released by the Humphreys County Sheriff's Department by mistake the following morning. Law enforcement

officers then went to the Dreaden residence in an attempt to locate him. They questioned Mrs. Dreaden about the whereabouts of her husband. Mrs. Dreaden informed the officers that she did not know the whereabouts of her husband and that the last time that she saw her husband he was under arrest and in custody of the Individual Defendants. Apparently, the officers did not believe Mrs. Dreaden so they asked to search her residence. Mrs. Dreaden allowed the officers to search the residence. The officers searched the residence and did not locate Mr. Dreaden.

37.     After the officers searched the Dreaden residence, Sheriff Davis called one of the Dreaden's relatives. Sheriff Davis asked the relative to contact Mrs. Dreaden and have her provide Mr. Dreaden's whereabouts. Mrs. Dreaden then directly contacted Sheriff Davis and informed him that she did not know where her husband was. Mrs. Dreaden also informed Sheriff Davis that she did not believe that her husband would return home after he was beaten so badly by the Individual Defendants.

38.     Sometime thereafter, Sheriff Davis arrived at Mrs. Dreaden's mother's house and asked to speak with Mrs. Dreaden outside. Sheriff Davis admitted that his jailers had let Mr. Dreaden out of jail by mistake and asked for Mrs. Dreaden's assistance in locating him. Mrs. Dreaden informed the Sheriff that she would call him if her husband contacted her. Mrs. Dreaden further informed Sheriff Davis that the officers viciously beat her husband and she did not want to assist them in locating Mr. Dreaden based on what the officers had done to her husband the previous night.

39.     Sheriff Davis then contacted Mr. Dreaden by telephone and informed Mr. Dreaden that he was not supposed to be out of jail. Mr. Dreaden agreed to return to jail and requested that the Sheriff Davis speak to him and his wife about the conduct of the Individual Defendants. Sheriff Davis agreed to meet with Mr. and Mrs. Dreaden at the jail.

40.     Mr. Dreaden returned to the jail as requested by Sheriff Davis and Mrs. Dreaden also arrived at the jail. At the jail, Sheriff Davis would not speak with Mr. Dreaden but spoke with Mrs. Dreaden. Sheriff Davis asked Mrs. Dreaden to inform him about the events that occurred the previous night. Mrs. Dreaden described for Sheriff Davis the vicious and unprovoked attack on her husband by the Individual Defendants. Mrs. Dreaden further informed Sheriff Davis that if he did not get control of his officers, "They are gonna kill someone." Sheriff Davis informed Mrs. Dreaden that he could not do anything to the City of Waverly officers, but that he will "take care of his officers." At the conclusion of this meeting, Mrs. Dreaden asked Sheriff Davis if she could review the video tapes of the events. Sheriff Davis informed Mrs. Dreaden that he would get the tapes and contact her to allow her to review any tapes. Based on this request, Sheriff Davis was under a duty to preserve all evidence pertaining to this incident. However, Sherriff Davis never contacted Mrs. Dreaden.

41.     Upon information and belief, Sheriff Davis and Chief Daniel failed to investigate this matter of their customs and practices despite being personally apprised that the Individual Defendants clearly violated Mr. Dreaden's constitutional rights. Therefore, Sheriff Davis and Chief Daniel approved, ratified and knowingly acquiesced in the conduct of all of the Individual Defendants in all respects.

42.     The City of Waverly is located in Humphreys County, Tennessee. Waverly operates in conjunction with Humphreys County under an official and unofficial mutual aid agreement whereby officers from the respective departments jointly participate in law enforcement activities in Humphreys County. Therefore, it is the custom, policy, and procedure of the City of Waverly and Humphreys County under this official and unofficial mutual aid agreement to engage in joint law enforcement activities and these Defendants are under a duty

and obligation to ensure that all officers, including the Individual Defendants, act in a manner so as to preserve the constitutional rights of citizens in Humphreys County.

43.    Each of the Individual Defendants, individually, and in concert with each other acted under color of law in their official capacity, to deprive Mr. Dreaden of his rights to freedom from unreasonable seizures through the use of unnecessary, unjustified and excessive force; said rights secured to Mr. Dreaden by the Fourth and Fourteenth Amendment to the Constitution of the United States and by 42 U.S.C. §§ 1983 and 1988. Further, the actions of the Individual Defendants, individually and in concert with each other, acted under color of law in their official capacities, to deprive Mrs. Dreaden of her constitutional right to familial association with her husband secured to her by the Fourteenth Amendment to the United States Constitution.

44.    As a direct and proximate result of the intentional, willful and/or recklessly indifferent acts of the Defendants, Mr. Dreaden has suffered and sustained severe mental and physical pain and suffering and injury for which he seeks compensation and Mrs. Dreaden suffered a loss of her rights to familial association for which she seeks compensation.

45.    Defendant Humphreys County, Defendant City of Waverly, Defendant Davis and Defendant Daniel had an existing policy, practice, customs or procedure of failing to properly train, supervise and discipline its officers and deputies which constitute an actionable cause against Humphreys County, the City of Waverly and against Sheriff Chris Davis in both his individual and official capacities in violation of Mr. Dreaden's Fourth and Fourteenth Amendment rights under the Constitution of the United States. Humphreys County and Sheriff Davis had actual notice, and the City of Waverly should have been placed on notice as a result of the official or unofficial mutual aid agreement between Humphreys County and the City of Waverly no later than October 20, 2007, by *Cotham v. Davis and others*, Docket No. 3:08-1022,

14

that these Defendants' policies, practices and customs were ineffective to prevent their officers from violating the constitutional rights of citizens. In particular, Defendant Hedge was sued in a previous action for violating a citizens constitutional rights but Defendant Hedge was permitted to continue to engage in law enforcements activities for these Defendants.

46.     The above-described deprivations of Plaintiffs' constitutional rights by the Individual Defendants are a direct and proximate result of the actions, omissions, policies, and customs of Defendant Humphreys County, the City of Waverly and Sheriff Davis.

## COUNT I

Plaintiffs hereby incorporate, in their entirety, each and every paragraph contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

47.     In committing the acts complained of herein, the Individual Defendants acted jointly and under of color of state law to deprive Mr. Dreaden of his clearly established constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution including but not limited to:

a.     Freedom from the use of unreasonable, unjustified and excessive force;
b.     Freedom from deprivation of liberty and property without due process of law;
c.     Freedom from summary punishment;
d.     Failure to intervene to prevent officers from using excessive force;
e.     Freedom from arbitrary governmental activity, which shocks and offends the conscience of a civilized society.

48.     Further, in committing the acts complained of herein, the Defendants acted under color of state law to deprive Mrs. Dreaden of her clearly established rights to familial association with her husband, which are protected under the Fourteenth Amendment to the United State Constitution.

49.     In violating Mr. Dreaden's rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law and conducted an unreasonable seizure of Mr. Dreaden through the use of unnecessary, unjustified, unreasonable and excessive force.

50.     Further, the acts or conduct committed by the Individual Defendants against Mr. Dreaden occurred in the presence of each other, and the Individual Defendants further violated Mr. Dreaden's constitutional rights by failing to intervene and prevent the violation of Mr. Dreaden's constitutional rights by fellow officers.

51.     As a direct and proximate result of the violation of his constitutional rights by the Defendants, Mr. Dreaden suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. § 1983.

52.     The conduct of the Individual Defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that punitive damages should be imposed against all Individual Defendants and, with the exception of Humphreys County and the City of Waverly, in an amount commensurate with the wrongful acts alleged herein.

## COUNT II

Plaintiffs hereby incorporate, in their entirety, each and every paragraph contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

53.     The City of Waverly is located in Humphreys County, Tennessee. Waverly operates in conjunction with Humphreys County under an official and unofficial mutual aid agreement whereby officers from the respective departments jointly participate in law enforcement activities in Humphreys County. Therefore, it is the custom, policy, and procedure of the City of Waverly, Humphreys County and Sheriff Davis under this official and unofficial

mutual aid agreement to engage in joint law enforcement activities and therefore, are under a constitutional duty to ensure that all officers, including the Individual Defendants, act in a manner so as to preserve the constitutional rights of citizens in Humphreys County

54. The City of Waverly, Humphreys County, Sheriff Davis and Chief Daniel are under a constitutional duty to properly train, supervise and discipline members of the WPD and HCSD during their joint law enforcement activities and to ensure that the joint policing activities of the WPD and HCSD are run in a lawful manner, preserving to the citizens of Humphreys County the rights, privileges and immunities guaranteed to them by the Constitutions of the United States of America and the State of Tennessee and the laws of the United States of America and the State of Tennessee.

55. The City of Waverly, Humphreys County, Sheriff Davis and Chief Daniel failed in this constitutional duty by permitting, encouraging, tolerating, and knowingly acquiescing to an official pattern, practice or custom of its police officers, including the Individual Defendant Officers, violating the constitutional rights of the public at large, including Mr. Dreaden.

56. The actions of the Individual Defendants complained of herein were unjustified, unreasonable, unconstitutional, excessive and grossly disproportionate to the actions of Mr. Dreaden, if any, and constituted an unreasonable search and seizure effectuated through the use of excessive and unreasonable force and a deprivation of Mr. Dreaden's due process protections in violation of the rights secured to him by the Fourth and Fourteenth Amendments of the United States Constitution.

57. The City of Waverly, Humphreys County, Sheriff Davis and Chief Daniel are directly liable for the violation of the Plaintiffs' constitutional rights due to the following

policies, practices or customs which were in effect at the time of this incident and which were the

moving force behind the violation of Mr. Dreaden's constitutional rights:

a.  Defendants failed to adequately and properly train and educate its officers with respect to the proper procedures to employ when interacting with citizens who might be intoxicated, the proper use of force, the proper methods of using tasers, the proper methods in using pepper spray including proper decontamination procedures and providing medical attention, creating an atmosphere of illegal and unconstitutional behavior that is tolerated and accepted in deliberate indifference and reckless disregard to the welfare of the public at large, including Mr. Dreaden;

b.  Defendants failed to properly supervise and discipline its officers with respect to violations of the laws of the State of Tennessee, the Constitution of the United States, and its own policies regarding the use of force, use of tasers, use of pepper spray, decontamination procedures, providing medical attention, which creates a pattern, policy, practice, custom or atmosphere where such illegal and unconstitutional behavior is tolerated, condoned and accepted in deliberate indifference and reckless disregard to the public at large, including Mr. Dreaden;

c.  Defendants failed to adequately monitor and evaluate the performance of its officers and their compliance with the laws and policies, practices and customs with respect to the use of force, use of tasers, use of pepper spray, decontamination procedures, and providing medical attention, which creates a pattern, policy, practice, custom or atmosphere where such illegal and unconstitutional behavior is tolerated, condoned and accepted in deliberate indifference and reckless disregard to the public at large, including Mr. Dreaden;

d.  Defendants failed to adequately respond to and investigate complaints regarding officer misconduct by the citizenry, including, but not limited to, complaints regarding the use of force, use of tasers, use of pepper spray, decontamination procedures, and providing medical attention, in an effort to escape liability, thus creating a policy, practice, custom or atmosphere where such illegal and unconstitutional behavior is ratified, condoned or approved, in deliberate indifference and reckless disregard to the rights of the public at large, including Mr. Dreaden;

e.  Defendants have a policy, practice or custom of exonerating officers regarding complaints of misconduct, including, but not limited to, the use of force, use of tasers, use of pepper spray, decontamination procedures, and providing medical attention, in order to escape liability and creating an atmosphere where illegal and unconstitutional behavior is condoned, tolerated, or approved, in deliberate indifference and reckless disregard to the rights of the public at large, including Mr. Dreaden;

18

f.   Defendants have a policy, practice or custom of allowing its officers to use excessive and/or unreasonable force without fear of discipline creating an atmosphere where such behavior is accepted, approved and ratified, in reckless disregard and deliberate indifference to the welfare of the public at large, including Mr. Dreaden;

g.   Defendants are aware that a "code of silence" exists among members of its department whereby officers will not report misconduct of fellow officers and has failed to take such steps to preclude its existence and, as a result of the "code of silence," officers act unconstitutionally without fear of discipline.

59.   Alternatively, the City of Waverly, Humphreys County, Sheriff Davis and Chief Daniel are liable for the actions of the Individual Defendants by virtue of the fact that they were informed of improper conduct of the Individual Defendants and failed to discipline them, which evidences that the conduct of the Individual Defendants at the time of the events described herein was in conformity with the existing policies, practices and customs of these Defendants. Accordingly, these Defendants ratified, condoned and approved the Individual Defendant officers' conduct in this matter in all respects.

60.   Alternatively, and while not actionable under currently existing law, the City of Waverly, Humphreys County, Sheriff Davis and Chief Daniel are liable for the constitutional violations committed by the Individual Defendants under the doctrines of agency, vicarious liability, employer-employee relations, master-servant, respondeat superior, joint venture, contract and as a result of their non-delegable duty to provide officers who comply with the constitution and laws of the United States and the State of Tennessee.

61.   As a direct and proximate result of the foregoing policies, practices and customs of the City of Waverly, Humphreys County, Sheriff Davis and Chief Daniel, the violation of the constitutional rights of citizens by the members of the WPD and HCSD and the Individual Defendant Officers was substantially certain to occur and was the moving force behind the violation of the Plaintiffs' constitutional rights.

19

## COUNT III

Plaintiffs hereby incorporate, in their entirety, each and every paragraph of this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

62.    At all times material hereto, the Individual Defendants were acting in the course and scope of their employment with Humphreys County, HCSD, City of Waverly and the WPD. The acts, omissions and conduct of the Individual Defendants alleged herein constitute assault and battery, negligence, conspiracy, negligent infliction of emotional distress, and intentional infliction of emotional distress/outrageous conduct under the laws of the State of Tennessee. Plaintiffs aver that the Individual Defendants, the City of Waverly and Humphreys County should be held jointly and severely liable for all said torts as the Individual Defendants were acting in the course and scope of their employment at all times material hereto and their actions were foreseeable.    In the alternative, the Plaintiffs submit that the City of Waverly and Humphreys County are liable for all torts committed by its officers, that the City of Waverly and Humphreys County have waived immunity under state law, and that the Individual Defendants are liable for all torts committed by them for which the City of Waverly and Humphreys County have not waived immunity.

63.    Under currently existing law, Plaintiffs aver that the Individual Defendants are liable for all torts committed by them and for which the City of Waverly and Humphreys County have not waived immunity under the Tennessee Governmental Tort Liability Act (TGTLA) and which include, but are not limited to, assault and battery and intentional infliction of emotional distress.

64.    Under currently existing law, Plaintiffs aver that the City of Waverly and Humphreys County are liable for their own negligence and are responsible for all of the aforesaid

20

torts committed by the Individual Defendants for which they have waived immunity under the Tennessee Governmental Tort Liability Act (TGTLA) and which include, assault and battery, negligence and negligent infliction of emotional distress.

65. The Plaintiffs bring this cause of action under state law against the City of Waverly and Humphreys County for negligence pursuant to the Tennessee Governmental Tort Liability Act (TGTLA), T.C.A. Section 29-20-101, et seq., particularly T.C.A. Section 29-20-205. The City of Waverly and Humphreys County have waived its immunity for its own negligence and the acts and omissions of its employees complained of herein pursuant to the TGTLA, T.C.A. Section 29-20-101, et seq., particularly T.C.A. Section 29-20-205. At all times material hereto, the City of Waverly's and Humphreys County's employees, including the Individual Defendants, were acting in the course and scope of their employment.

66. The City of Waverly and Humphreys County were under a duty to conduct their law enforcement activities in such a manner as to preserve to the citizens of Humphreys County, Tennessee, the rights, privileges and immunities guaranteed to them by the laws of the State of Tennessee, the Constitution of the State of Tennessee and the Constitution of the United States.

67. While the Plaintiffs have asserted that the policies, practices, customs and usages of the City of Waverly and Humphreys County were deliberately indifferent to Plaintiffs' constitutional rights, the Plaintiffs plead in the alternative that the City of Waverly and Humphreys County negligently screened, hired, trained, monitored, supervised, controlled, assigned, counseled, investigated and disciplined the Individual Defendants and other officers and employees of their respective departments, which made the misconduct of the Individual Defendants and other officers a foreseeable result of the City of Waverly and Humphreys County systemic deficiencies.

68. The aforementioned deficiencies of the City of Waverly and Humphreys County resulted in their failure to act in a reasonable and prudent manner and constitute negligence under the laws of the State of Tennessee that was a proximate cause of the torts committed by the Individual Defendants.

69. As a direct and proximate result of the aforementioned acts and omissions of these Defendants, the Plaintiffs have been injured and damaged.

## COUNT IV

Plaintiffs hereby incorporate, in their entirety, each and every paragraph contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

70. In addition to the theories of liability against Humphreys County previously set forth herein, Plaintiffs aver that Humphreys County is directly liable for all wrongs, injuries, damages and expenses incurred and sustained by the Plaintiffs pursuant to T.C.A. Section 8-8-302 as at all times material hereto the Individual Defendants were acting by virtue of and under the color of their offices as deputies employed by Humphreys County and the HCSD.

## COUNT V

Plaintiffs hereby incorporate, in their entirety, each and every paragraph contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

71. The actions and omissions of the Individual Defendants complained of herein were unlawful, conscious shocking and unconstitutional and performed maliciously, recklessly, fraudulently, sadistically, retaliatory, intentionally, willfully, wantonly and in such a manner as to entitle the Plaintiffs to a substantial award of punitive damages.

## DAMAGES

Plaintiffs hereby incorporate, in its entirety, each and every paragraph contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

72. As a direct and proximate result of the acts and omissions of the Defendants, Plaintiff Dennis Edwin Dreaden was injured and damaged. The injuries and damages for which Dennis Edwin Dreaden seeks compensation from the Defendants, both jointly and severally, under both state and federal law, include, but are not limited to, the following:

a. Physical Pain and Suffering of a past, present and future nature;
b. Emotional Pain and Suffering of a past, present and future nature;
c. Medical Expenses of a past, present and future nature;
d. Loss of Enjoyment of Life of a past, present and future nature;
e. Loss of Wages;
f. Loss of Earning Capacity;
g. Punitive damages;
h. Pre- and Post-Judgment Interest;
i. Statutory and Discretionary Costs;
j. Attorney's fees;
k. A declaratory judgment that the acts and conduct herein was unconstitutional;
l. Injunctive relief precluding the Defendants from engaging in the conduct complained of herein in the future and requiring the City of Waverly and Humphreys County to provide proper policy, training and supervision of its officers and holding them accountable for their misconduct;
m. All such further relief, both general and specific, to which he may be entitled under the premises.

73. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff Tracy L. Dreaden was injured and damaged. The injuries for which Plaintiff Tracy L. Dreaden seeks compensation from Defendants, both jointly and severally, under both state and federal law, include, but are not limited to, the following:

a. Emotional pain and suffering for intentional infliction of emotional distress;
b. Loss of services, love, society, affection and consortium of her husband of a past, present and future nature and interference with her right to familial association with her husband;
c. Pre- and post-judgment interest;
d. Statutory and discretionary costs;
e. Incidental and consequential damages stemming from attending to the injuries of her husband; and

f.      All such further relief, both general and specific, to which she may be entitled under the premises.

## PRAYERS FOR RELIEF

1.      That proper process issue to the Defendants and that they be required to answer in the time required by law.

2.      That judgment be rendered in favor of the Plaintiffs and against the Defendants on all causes of action asserted herein.

3.      That Plaintiffs be awarded those damages to which they may appear that they are entitled by proof submitted in this case for their physical and mental pain and suffering both past, present, and future, medical expenses, loss of enjoyment of life, and the violation of their rights guaranteed to them by the Fourth and Fourteenth Amendments to the Constitution of the United States.

4.      That as to all Defendants, except for Humphreys County and the City of Waverly, punitive damages be asserted against the remaining Defendants.

5.      That as to all Defendants, that the Plaintiffs be awarded reasonable expenses, including reasonable attorneys fees and expert fees and discretionary costs pursuant to 42 U.S.C. § 1988 (b) and (c).

6.      That the Plaintiffs receive any other further and general relief to which they may appear that they are entitled.

7.      That a jury of twelve (12) is demanded.

**CONSTITUTIONALLY** submitted on this the 16th day of December 2011.

**DENNIS EDWIN DREADEN**
**Plaintiff**

**TRACY L. DREADEN**
**Plaintiff**

**ANDREW C. CLARKE, #15409**
6250 Poplar Avenue, Second Floor
Memphis, Tennessee 38119
Phone: (901) 590-0761
Email: aclarke@accfirm.comcastbiz.net

**RICHARD M. BROOKS, #4308**
130 Third Avenue West
P. O. Box 255
Carthage, TN 37030
Phone: (615) 735-0807
Fax: (615) 735-1921
Email: utkrmb@comcast.net